## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2567 | **DATE** | 3/26/2002 |
| **CASE TITLE** | Kohler Co. vs. Kohler International, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 4/26/02 at 10:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendants' motions to dismiss (9-1, 26-1, and 39-1). At the status hearing the court will set discovery and trial schedules in this case. Prior to the status hearing, the parties shall confer and provide the court with a proposed written discovery schedule. Any motion for summary judgment must be filed within 14 days after the date set in the scheduling order for close of discovery. Any extension of discovery will not extend the time for filing motions for summary judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 27 2002 | |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| | | | 3/26/2002 | |
| MPJ | courtroom deputy's initials | U.S. DISTRICT COURT CLERK 02 MAR 26 PM 5: 15 | date mailed notice | |
| | | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KOHLER CO.,             )
                               )
          Plaintiff,      )
                               )
     v.                )    No.  01 C 2567
                               )
KOHLER INTERNATIONAL, LTD.,  )
KOHLER WINDOWS AND ENTRANCE  )
SYSTEMS, INC., DIMENSIONAL   )
MILLWORK, INC., PETER KOHLER,  )
TRACY EDGEMON, and KARAN     )
EDGEMON,                 )
                               )
          Defendants.     )

DOCKETED
MAR 27 2002

## MEMORANDUM OPINION AND ORDER

Kohler Company ("Kohler Co."), a Wisconsin corporation, manufactures home and building products and equipment, sold under the trademark "Kohler." It owns as registered trademarks a stylized "K," the mark "Kohler," and several other marks, and it owns the domain names "www.kohler.com" and "www.kohlerco.com". Kohler Co. alleges that the various defendants here, including Dimensional Millwork, Inc. ("Dimensional Millwork of Chicago"), a Texas corporation with its principal place of business in Orland Park, Illinois, and Tracy and Karan Edgemon of Texas, who own and operate Dimensional Millwork of Chicago, as well as Peter Kohler, who substantially owns, and operates Kohler International, a Canadian corporation, and Kohler Windows and Entrance Systems ("Kohler Windows"), a Maine corporation, infringed Kohler Co.'s marks by

selling home and building supplies manufactured by Kohler International and Kohler Windows, in violation of the Lanham Act, 15 U.S.C § 1111 *et seq.*, and of several Illinois intellectual property and deceptive trade practices laws.

Tracy and Karan Edgemon (the "Edgemons") moved to dismiss the First Corrected Amended Complaint, as does Peter Kohler. Dimensional Millwork of Chicago has filed an Answer to a subsequently filed Second Corrected Amended Complaint. A Washington state firm also called "Dimensional Millwork, Inc." ("Dimensional Millwork of Washington") moved to be dismissed from this action. I deal first with Dimensional Millwork of Washington's motion, then I address the Edgemons' motion together with Peter Kohler's. I deny those motions.

I.

Dimensional Millwork of Washington asks to be dismissed. first, for improper service under Fed. R. Civ. P. 12(b)(5), and second for lack of personal jurisdiction under Rule 12(b)(2). Dimensional Millwork of Washington says that it is a Texas corporation that does business solely in Washington State, which Kohler Co. has confused with a separate "sister" corporation, "Dimensional Millwork of Chicago" ("Dimensional Millwork of Chicago"), with has a business address in Orland Park, Illinois. The only connection between the two firms is that they are both owned by the Edgemons, husband and wife, along with 18 other

independent companies that sell door and window products under the Dimensional name, each located in a different region. The service of process objection is that Kohler Co. served its initial complaint on Dimensional Millwork of Chicago or its agent, Ms. Becky Czmyr, Dimensional Millwork of Chicago's office manager, and not on anyone having any connection with Dimensional Millwork of Washington. The lack of personal jurisdiction objection is that Dimensional Millwork of Washington has no connection whatsoever with Illinois, being a Texas firm that does business only in Washington State, and incidentally has never sold any of the windows at issue here.

Kohler Co. responds that it has no interest in suing Dimensional Millwork of Washington in this court, and did not do so. It sued Dimensional Millwork of Chicago, operating in Illinois, under the name "Dimensional Millwork, Inc." Dimensional Millwork of Chicago is named as a defendant in both the Corrected First Amended Complaint of June 24, 2001, and the Corrected Second Amended Complaint of October 11, 2001, and it is not disputed that Kohler Co. properly served Dimensional Millwork of Chicago. It is also clear, and undisputed, that personal jurisdiction is proper over Dimensional Millwork of Chicago, because that firm does business in Illinois. *See Haedike v. Kodiak Research, Ltd.*, 814 F. Supp. 679, 682 (N.D. Ill. 1992) ("Doing business" is a basis for personal jurisdiction in Illinois.). A defendant is "doing

business" if it has some reasonable subset of, *e.g.*, an office, mailing address, telephone number, agents, or employees in Illinois. *Id.* Kohler Co. introduces evidence that there is a business with that name operating at an address in Orland Park, Illinois, which has an Illinois tax number, stationary with an Illinois address, a truck in Illinois, all with the name "Dimensional Millwork, Inc." on them. It has several employees, including Ms. Czmyr. At the time of service of process Dimensional Millwork of Chicago was not incorporated or licensed in Illinois, but the undisputed jurisdictional facts, supported with the evidence that Kohler Co. offers, show that it is doing business in Illinois. Nothing in the record contradicts these facts.

Dimensional Millwork of Washington, by contrast, has not been sued, and so I cannot dismiss any claims against it. There are no claims against it in this court. It is not a defendant in this case.[1] Because it is not a party, Dimensional Millwork of Washington has no standing. It has no business filing any motions. The only motions to dismiss I may entertain are of the parties.

II.

Kohler Co.'s Second Amended complaint names Tracy and Karan

---

[1] In its response to the Edgemons' motion to dismiss the claims against themselves as individuals, Kohler Co. talks about "the Dimension Companies" collectively, arguing that the Orland Park facility of Dimensional Millwork of Chicago is the "instrumentality from which all the infringing activity takes place." However, this is not alleged in the complaint, which I construe to name Dimensional Millwork of Chicago only.

-4-

Edgemon a married couple, who are also the individual officers and owners of Dimensional Millwork of Chicago. They moved to dismiss for failure to state a claim under Fed. R. Civ. P 12(b)(6), arguing that, as corporate officers or directors, they are not liable for acts of the corporation as a matter of law.[2] Peter Kohler makes parallel arguments. Each invokes *Dangler v. Imperial Mach. Co.*, 11 F.2d 945, 946 (7th Cir. 1926) ("[I]n the absence of some special showing, the managing officers of a corporation are not liable for the infringements of such corporation, though committed under their general direction.") (patent case). It is only when:

> the officer acts willfully and knowingly--that is, when he personally participates in the manufacture or sale of the infringing article (acts other than as an officer), or when he uses the corporation as an instrument to carry out his own willful and deliberate infringements, or when he knowingly uses an irresponsible corporation with the purpose of avoiding personal liability--that officers are held jointly with the company.

*Id.* at 947. *Accord Panther Pumps & Equip. Co. Inc. v. Hydrocraft, Inc.*, 468 F.2d 225, 233 (7th Cir. 1972) (citing *Dangler* with approval, and holding officers personally liable only when acting outside the scope of their duties); *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1411 (Fed. Cir. 1996). If an individual "actively and knowingly caused the infringement, he is personally liable." *Chanel, Inc. v. Italian Activewear, Inc.,* 931

---

[2] I *sua sponte* treat the motion to dismiss the First Corrected Amended Complaint as to the Edgemons and to Peter Kohler as applying to the essentially similar Second Amended Complaint.

-5-

F.2d 1472, 1477 (11th Cir. 1991) (President and CEO of corporation was liable when he purchased counterfeit goods, advertised goods as trademarked products, and operated showroom from which goods were sold.); *Wilden Pump & Eng'g Co. v. Pressed & Welded Prods. Co.*, 655 F.2d 984, 990 (9th Cir. 1981) (Individual corporate officer was liable for patent infringement if he is a "moving, active, conscious force" behind violation and was significant shareholder, executive officer or president, having personal control, supervision, and direction of the company.).

On a 12(b)(6) motion, I accept all the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *City Nat'l Bank of Florida v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994). Dismissal is proper only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Edgemons say, and offer an affidavit to show, that they merely owned Dimension Chicago, and were not involved in its daily operations. They say that its day-to-day business was run by their office manager, Ron Pauley. They were not personally involved in marketing or selling the allegedly infringing products. Peter Kohler offers an affidavit to the effect that he acted only as a corporate officer at Kohler International. However, I cannot look at matters outside the complaint in deciding a motion to dismiss

-6-

for failure to state a claim. "Under Rule 12(b), when "'matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'" *Bohac v. West,* 85 F.3d 306, 311 (7th Cir. 1996). For the purposes of the motion to dismiss for failure to state a claim, I therefore exclude the matters in the affidavits.

Kohler Co. alleges that the Edgemons "own, direct, control, authorize, and operate" the firm, Second Corrected Amended Complaint ¶ 3(f), which they do not deny. The Edgemons contend that is insufficient for wilfulness. But Kohler Co.'s complaint expressly says that "the adoption and use of the Kohler marks by defendants was wilful, wanton, malicious, and fraudulent. . . . Dimensional [Millwork of Chicago] and [the] Edgemon[s] conspired with Kohler International . . . and Peter Kohler to violate the rights of Plaintiff." *Id.* ¶ 12. As a pleading this is sufficient for Rule 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally."). Wilfulness is a state of mind, *see Rust Environment & Infrastructure, Inc. v. Teunissen*, 131 F.3d 1210, 1219 (7th Cir. 1997), and may be averred generally. The pleading is also sufficient to allege conspiracy, which is not a fraudulent act that must be alleged with particularity, just an

-7-

agreement to do something unlawful.

The Edgemons and Peter Kohler cite *The Drink Group, Inc. v. Gulfstream Communications, Inc.,* 7 F. Supp. 2d 1009, 1010-11 (N.D. Ill. 1998), where the district court dismissed individual liability claims against corporate officers because "Plaintiff fails to allege any facts which demonstrate wrongdoing by the individual Defendants. The mere fact that [these individuals] incorporated [the enterprise] is innocuous in the absence of allegations that . . . they were motivated by some improper purpose or acting outside the scope of their corporate duties." *Id.* However, *The Drink Group* is distinguishable, because Kohler Co. alleges a conspiracy to wilfully infringe its trademarks and violate its rights under state law, not merely, as with *The Drink Group,* the bare fact of incorporation. The conspiracy and wilful infringement, which I must accept for purposes of this motion, are facts that, if proved, would demonstrate wrongdoing by the Edgemons and Peter Kohler.

### III.

Next, the Edgemons and Peter Kohler move to dismiss the complaint as against themselves individually on the basis of want of personal jurisdiction. The plaintiff bears the burden of demonstrating personal jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). I may consider evidence outside of the complaint, *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). "The presumption of correctness . . . accord[ed]

-8-

to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question." *Id.* at 855-56. Once challenged with evidence, the "plaintiff has the obligation to establish jurisdiction by competent proof." *Id.* at 855.

I first determine whether there are federal or state statutory grounds for personal jurisdiction, then see whether the state constitution bars such jurisdiction if it is based on a state statute, and finally determine if the exercise of jurisdiction over the defendant would be consistent with the federal Constitution. *Central States, S.E. and S.W. Areas, Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000). The Illinois long-arm statute authorizes the exercise of personal jurisdiction "on any . . . basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c).

The Illinois Constitution permits jurisdiction to be asserted over a non-resident "only when it is fair, just, and reasonable to require a nonresident to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990). The Illinois Constitution's guarantees of due process are not necessarily the same as those provided by the federal Constitution, *see id.,* but,

with the exception of the "fiduciary shield" doctrine discussed in *Rollins* and treated below, nothing the Edgemons or Peter Kohler say suggests that the outcome would be different under Illinois as opposed to federal constitutional law, and so I move on to an analysis of the exercise of personal jurisdiction under the United States Constitution. *See RAR, Inc.*, 107 F.3d *at* 1276-77.

Under federal due process, a state may exercise personal jurisdiction over nonresidents if "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). General jurisdiction is proper when a defendant has "continuous and systematic business contacts" with a state, and it allows a defendant to be sued there regardless of the subject matter of the lawsuit. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). I may exercise specific jurisdiction when the defendant has less contact, but the litigation "arises out of or is related to" those contacts. *Id.* at 414 n.8.

If the plaintiff's "allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof." *McNutt v. GM Acceptance Corp.*, 298 U.S. 178, 189 (1936). The Seventh Circuit construes this to mean "proof to a reasonable probability that jurisdiction exists." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993). Disputed facts are interpreted in favor of the party asserting

jurisdiction. *Nelson by Carson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983).

A.

I first consider specific jurisdiction. The litigation concerns the Edgemons' and Peter Kohler's allegedly unlawful activities related to the infringement of Kohler Co.'s trademarks. "In specific jurisdiction cases, I decide whether a defendant 'has purposefully established minimum contacts within the forum State' and consider whether, by traditional standards, those contacts would make personal jurisdiction reasonable and fair under the circumstances." *RAR, Inc.*, 107 F.3d at 1277. I determine whether the defendant "should reasonably anticipate being haled into court in the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). A defendant may have "fair warning" that it would be called to defend a suit in the forum state if the defendant "purposefully avails itself of the privilege of conducting activities within the forum State thereby invoking the benefits and protections of the forum's laws." *Klump v. Duffus*, 71 F.3d 1368, 1372 (7th Cir. 1995). To satisfy due process, the plaintiff's cause of action must arise out of or be related to these minimum contacts and comport with fairness and justice. *See Helicopteros*, 466 U.S. at 414 & n.8.

Because this case is based in part on an alleged conspiracy, the plaintiff may use "the conspiracy theory of jurisdiction." *See*

-11-

*United Phosphorus, Ltd., et al., v. Angus Chem. Co.*, 43 F. Supp. 2d 904, 912 (N.D. Ill. 1999). Under this theory, I may assert jurisdiction "over all of the co-conspirators, both resident and non-resident, based on their involvement in a conspiracy which occurred within the forum." *Id.* (*citing Chromium Indus., Inc. v. Mirror Polishing & Plating Co.*, 448 F. Supp. 544 (N.D. Ill. 1978), *superceded by* 735 ILCS 5/2-209, see *In re Vitamins Antitrust Litig.*, 94 F. Supp. 2d 26, 32 (D.D.C. 2000) (*citing Cameron v. Owens-Corning Fiberglas Corp.*, 695 N.E. 2d 572, 576-77 (Ill. App. Ct. 1998) (civil conspiracy a basis for personal jurisdiction)). Under the conspiracy theory, the plaintiff must:

> (1) make a prima facie factual showing of a conspiracy (*i.e.*, point to evidence showing the existence of the conspiracy and the defendant's knowing participation in that conspiracy); (2) allege specific facts warranting the inference that the defendant was a member of the conspiracy; and (3) show that the defendant's co-conspirator committed a tortious act pursuant to the conspiracy in the forum.

*Id.* The evidence relating to the conspiracy may be direct or circumstantial. *United States v. Hickok*, 77 F.3d 992, 1005 (7th Cir. 1996). Simply alleging that a defendant participated in a conspiracy and that another member of the conspiracy committed an unlawful act in the forum state is not enough to reach a nonresident co-conspirator. *Id.* (citing *Chromium Indus.*, 448 F. Supp. at 552); *see also Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1236 (6th Cir. 1981) (same).

-12-

Kohler Co. offers the following undisputed circumstantial evidence of conspiracy as to the Edgemons. The Edgemons own Dimensional Millwork of Chicago, which they recently established as a very small closely held corporation in which they are the sole shareholders. They own the building in Orland Park out of which it operates, and rent that building to the corporation. They hold the positions of President and Secretary-Treasurer of the corporation, and so are responsible for corporate oversight and finances. It is not unreasonable to infer that they are aware of, and agree to, the major business decisions involved in running the company. *See Deluxe Ice Cream Co. v. R.C.H. Tool Corp.,* 726 F.2d 1209, 1216 (7th Cir. 1984) (It is a "reasonable inference" that a managing director "was invested with the general conduct and control of the defendants' business."). In fact, the Edgemons do not dispute that they "own, direct, control, authorize, and operate" the firm, as alleged in the complaint, stating only that they do not run its day-to-day operations. The supplementary materials which they submitted at my direction merely attest to this limited statement, and do not add anything that would undermine a conspiracy theory of jurisdiction. It is properly alleged that Dimensional Millwork of Chicago sold and marketed products by Kohler International under that name and using the disputed marks. I may infer that the Edgemons agreed to this with the other defendants, including Peter Kohler and his corporations, thus conspiring to engage in wilful

-13-

infringement and other wrongful acts.

The Edgemons do not deny that they conspired to infringe the
plaintiff's trademarks. This is case is therefore distinguishable
from *Chrysler v. Fedders,* 643 F.2d 1229 (6th Cir. 1981), in which
the Sixth Circuit rejected the exercise of personal jurisdiction
under a conspiracy theory where a defendant offered sworn testimony
denying any involvement in the conspiracy:

> [Plaintiff's] "allegation of a conspiracy . . . is unsupported
> by any factual assertions. In support of its motion to
> dismiss, [one defendant] filed two affidavits of its managing
> director . . . . stat[ing], in pertinent part, that [it] was
> not involved in the contract negotiations between [the
> plaintiff and another defendant] and had no knowledge of or
> connection with any conspiracy."

*Id* at 1236. "'[T]he situation would have been quite different if
the defendants had denied the allegations.'" *id.* (quoting
*Mandelkorn v. Patrick*, 359 F. Supp. 692, 696 (D.D.C. 1973)). The
Edgemons do not even testify that they did not know or agree that
the challenged product was being sold. *See* Defs. Additional
Statement, Ex. B & D.

Likewise the plaintiff alleges that Peter Kohler is a
director, officer, and major stockholder in Kohler International as
well as Kohler Windows, and conspired with the Edgemons and other
defendants to violate the plaintiff's rights. Now, while the
Edgemons are out of state shareholders, officers, and directors of
a corporation doing business and located in Illinois, Peter Kohler
is an out of state (indeed a Canadian) shareholder, officer, and

-14-

director of foreign corporations that are not located in Illinois. However, there is circumstantial evidence that Peter Kohler's alleged co-conspirators, including the Edgemons and Dimension Millwork of Chicago, committed tortious acts related to selling infringing products in Illinois, and that there existed a conspiracy, discussed above in connection with the Edgemons.

The remaining issue is whether there is evidence that Peter Kohler participated in the conspiracy. And here there is evidence that he founded, owned, operated, and managed a company that used his own name to promote the allegedly infringing product, see Pl. Mem. in Opposition to the Motion to Dismiss, Ex. E, which were sold to Dimensional Millwork of Chicago, in Illinois. Peter Kohler denies under oath that he ever "personally marketed or sold" the allegedly infringing products in Illinois, but that is not the issue for the conspiracy theory, which is rather whether he agreed to their sale in Illinois, knowing that they infringed. In his Answer, Peter Kohler states that he knew of plaintiff Kohler Co.'s existence when he adopted and used the Kohler name, so the remaining question is whether he knew of and agreed to sell the allegedly infringing product in Illinois. Peter Kohler's affidavit states that he has an active role in the work of the corporate defendants using the contested name, and is involved in the day-to-day operations of one of them (Kohler Windows). He states that his involvement is "limited to my role as a corporate officer of the

-15-

company," but this is a legal conclusion, not a piece of factual evidence. Like the Edgemons, moreover, he does not deny that he so conspired. The total evidence is such that it would be reasonable to infer that Peter Kohler agreed to the sale to an Illinois firm of products he knew to infringe Kohler Co.'s trademarks.

I find that Kohler Co. has carried its burden to show by competent proof circumstantial evidence of a conspiracy in which the Edgemons and Peter Kohler participated, involving their co-conspirators' undertaking the unlawful acts in Illinois that was its object.

The same facts will support the exercise of personal jurisdiction under the usual long-arm theory as well: having recited the evidence of the minimum contacts, it is obviously that Edgemons and Peter Kohler have "purposefully availed" themselves of the protection of Illinois law, and could reasonably anticipate being haled into an Illinois court. Either way, there is enough to justify exercise of specific personal jurisdiction over the Edgemons and Peter Kohler.

B.

Under federal due process, I may exercise general jurisdiction over a defendant in lawsuits that neither arise out of nor are related to the defendant's contacts if he has had "continuous and systematic general business contacts" with Illinois." *Helicopteros*, 466 U.S. at 415 n.8. No such general jurisdiction is argued with

respect to Peter Kohler, although the fiduciary shield doctrine discussed below is relevant to his motion. The Edgemons say that they have no such contacts. They own a building which Dimensional Millwork of Chicago rents, and they are corporate officers and owners of Dimensional Millwork of Chicago, but, they contend, these factors do not support exercise of personal jurisdiction over them individually.

The first point concerns the one area where Illinois law might give a different result from federal law. In Illinois, one cannot normally reach, as an individual, the employee of a corporation who acts in a representative capacity, unless his conduct was performed "for his personal benefit." *Rollins,* 565 N.E.2d *at* 1316-17. This "fiduciary shield" doctrine, however, has been found not to apply with "an individual who is a high-ranking company officer or shareholder [who] has a direct financial stake in the company's health." *R-Five, Inc. v. Sun Tui, Ltd.,* No. 94 C 4100, 1995 WL 548633, at *5 (N.D. Ill. Sept. 12, 1995) (Williams, J.) (Personal jurisdiction existed where defendant "was president, board member, and (most importantly) shareholder of corporation" and "was not merely obeying the orders of his superiors."); *see also Continental Bank N.A. v. Everett,* 742 F. Supp. 508, 510 (N.D. Ill. 1990) (Bua, J.) (personal jurisdiction existed where defendant shareholders who personally guaranteed loan to company would benefit financially from that loan's being made); *Plymouth Tube Co. v. O'Donnell,* No.

95 C 0277, 1995 WL 387595, at *3 (N.D. Ill. June 27, 1995) (Zagel, J.) (personal jurisdiction proper where one defendant was president of corporation; wife was secretary-treasurer of another that was wholly owned by both spouses; making "their individual interests and the corporate interests of [the corporations] coextensive.").

On the essentially identical facts of this case, the Edgemons cannot hide behind the fiduciary shield doctrine, because their interests are coextensive with the interests of Dimensional Millwork of Chicago. *Contrast Plastic Film Corp. v. Unipac, Inc.*, 128 F. Supp. 2d 1143, 1146 (N.D. Ill. 2001) (Bucklo, J.) (Personal jurisdiction was improper where wife shareholder had no contacts with Illinois and husband officer was not a shareholder). Peter Kohler is in a similar position as founder, officer, director, and chief shareholder of Kohler International and Kohler Windows.

The Edgemons argue, second, that they are protected because of "the general rule that corporate ownership alone is not sufficient for personal jurisdiction." *RAR, Inc.*, 230 F.3d at 943. "[D]ue process requires that personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary." *Id.* However, here there is not just corporate ownership or stock ownership *alone*. The Edgemons are the *sole* owners and stockholders of Dimensional Millwork of Chicago, as well as the President and

the Secretary-Treasurer, and they do not deny Kohler Co.'s allegation that they "own, direct, control, authorize, and operate" the firm. The same reasoning applies to the Edgemons' third argument, that "[t]he mere presence of property in a state, without other ties sufficient to satisfy the fairness standard of *International Shoe*, will not . . . support the exercise of jurisdiction over an unrelated cause of action." *Stephens v. Northern Ind. Pub. Serv. Co.*, 409 N.E.2d 423, 427 (Ill. App. Ct. 1980). We have more than mere property ownership.

The Edgemons object to this approach, arguing that to determine whether personal jurisdiction exists, "[e]ach defendant's contacts with the forum State must be assessed individually." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984). They interpret this to mean that I must consider each contact for a defendant without considering the defendant's other contacts. That is inconsistent with the language of the cases, which rather invites consideration of additional factors. Otherwise ownership of land or of a corporation could never be the basis for personal jurisdiction. The Edgemons also misinterpret note 13 of *Keeton*, which continues: "The requirements of *International Shoe* . . . must be met as to *each defendant* over whom a state court exercises jurisdiction" (emphasis added). "Individually" does not mean "in isolation from other factors" but "with respect to each defendant."

I find that Kohler Co. has made a prima facie showing of

general jurisdiction over the Edgemons.

IV.

Having determined that the minimum contacts test is satisfied I must evaluate these contacts in light of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *Burger King Corp.*, 471 U.S. at 476. The most important factors to consider are (1) the interests of the states involved and (2) the relative convenience of litigating in that forum. *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 113 (1987); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980). As to the first factor, Illinois has a substantial interest in preventing trademark infringement in this state, and violation of its own laws, alleged here to have been carried out by Dimensional Millwork of Chicago, a company doing business in Illinois, and by the Edgemons, its officers and owners. As to the second factor, the party objecting to a forum bears the burden of presenting a "compelling case" that litigating there would be unreasonable. *Burger King*, 471 U.S. at 476-77. The Edgemons do not argue at all that it would be unduly burdensome to litigate here. Therefore they have waived any such objection.

V.

I DENY the motions to dismiss the complaint: (1) as to Tracy and Karan Edgemon for (a) failure to state a claim or for (b) lack

-20-

of personal jurisdiction, and (2) as to Peter Kohler for (a) failure to state a claim or for (b) lack of personal jurisdiction.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated:      March 26, 2002